**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Oluwaseyi Sarumi,

Plaintiff,

v.

Arizona Board of Regents,

Defendant.

No. CV-26-05379-PHX-JAT

**ORDER**

Plaintiff, pro se, filed a complaint, a motion to proceed in forma pauperis, and a motion requesting an Americans with Disabilities Act ("ADA") accommodation from the Court. Thereafter, Plaintiff filed an amended complaint which completely supersedes the original complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc) ("[T]he general rule is that an amended complaint super[s]edes the original complaint and renders it without legal effect[.]").

The Court will consider the motion to proceed in forma pauperis in this Order. In short summary, Plaintiff brings this case claiming that, when Plaintiff was a student, Defendant failed to accommodate Plaintiff's disability under the ADA and the Rehabilitation Act, among other claims. It appears that this entire dispute centers around a single course Plaintiff was unable to complete.

## I. Ability to Pay

"There is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees,* 787 F.3d 1226, 1235

(9th Cir. 2015). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id*. at 1234 (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). The Court may also "consider the plaintiff's cash flow in the recent past, and the extent to which the plaintiff has depleted his savings on nonessentials." *Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 768 (9th Cir. 2023), *cert. denied sub nom. Hymas v. Dep't of the Interior*, 144 S. Ct. 2604 (2024). The Court may impose a partial filing fee rather than completely denying the motion. *Id.* at 767.

Here, Plaintiff alleges that Plaintiff's monthly expenses exceed Plaintiff's income (in the form of social security disability payments). The Court finds Plaintiff is unable to pay the filing fee and will grant the motion to proceed in forma pauperis.

**II. 28 U.S.C. § 1915(e)(2)**

> Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

*Kennedy v. Andrews,* CV-05-2692-PHX-NVW, 2005 WL 3358205, at *2 (D. Ariz. Dec. 8, 2005).

> "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

*Hairston v. Juarez*, No. 22-CV-01801-BAS-WVG, 2023 WL 2468967, at *2 (S.D. Cal.

Mar. 10, 2023). However, screening the complaint without the benefit of the Defendant's position, or the engagement of the adversary process, has limitations. As other courts have observed, "[i]nitial screening does not screen every possible defect, and there are times that sua sponte dismissal is inappropriate without a defendant's position being fully heard." *Balbin v. Concepcion*, 411 F. Supp. 3d 1340, 1355 (S.D. Fla. 2019) (citing *Heard v. Parker*, Case No. 3:17CV-01248, 2018 WL 6435863, at *4 (M.D. Tenn. Dec. 6, 2018)).

Under Rule 12(b)(6), "to [survive screening], a party must allege sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144 (9th Cir. 2013) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint will be dismissed for failure to state a claim if it lacks either "a cognizable legal theory or . . . sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

"All well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court need not accept legal conclusions couched as factual allegations, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678–80.

Consistent with these cases, the Court will screen the amended complaint.

**III. Discussion**

The amended complaint alleges four causes of action: 1) a violation of the ADA; 2) a violation of the Rehabilitation Act; 3) retaliation under the ADA and the Rehabilitation Act; and 4) "coercion or intimidation" under the ADA. (Doc. 9).

**A. Count I - ADA**

For failure to accommodate claims under the ADA in the education context,

> …four elements must be proven: 1. the plaintiff is a disabled individual under the Acts, 2. he is "otherwise qualified to remain a student at the [] School, i.e., [ ]he can meet the essential eligibility requirements of the school, with or without reasonable accommodation," 3. he was dismissed solely because of his disability, and 4. The school receives federal financial assistance or is a public entity. *See Zukle*, 166 F.3d at 1045. The burden of proof is not completely on the plaintiff, however. In the failure to accommodate context, a modified burden shifting analysis is applied. The plaintiff has the initial burden of showing that he is otherwise qualified, and that a reasonable accommodation exists that would allow him to meet the institution's "essential eligibility requirements." *Id.* at 1047. Reasonableness is determined on a case-by-case basis and depends on the individual student's particular circumstances. *See id.* at 1050. Once the reasonableness element is shown, the burden shifts to the defendant to show that the requested accommodation would require a "fundamental or substantial modification of its program or standards." *Id.* at 1047. Because institutions are not required to make substantial modifications, or ones that will result in a fundamental alteration of a program, this showing will defeat a failure to accommodate claim. *See id.* at 1049.

*Horodner v. Midwestern Univ.*, No. CV-20-01800-PHX-JAT, 2022 WL 4367601, at *3 (D. Ariz. Sept. 21, 2022) (footnotes omitted).

With respect to prong 1, to be entitled to ADA or Rehabilitation Act protections for failure to accommodate, Plaintiff must be a qualified individual with a disability (or in some circumstances be regarded as a person with a disability). Disability within these statutes is generally defined as, "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment…." 42 U.S.C.A. § 12102(1). In the education context, "'otherwise qualified' to remain a student at the [School] [requires that] [the plaintiff] can meet the essential eligibility requirements of the school, with or without reasonable accommodation." *Zukle v. Regents of Univ. of Cal.*, 166 F.3d 1041, 1045 (9th Cir. 1999).

In this case, considering whether Plaintiff has a disability, the amended complaint fails to identify a particular "physical or mental impairment." (Doc. 9). The totality of the factual allegations regarding Plaintiff's disability are: "Plaintiff has physical impairments that substantially limit manual tasks including typing, gripping, and sustained written work." (Doc. 9 at 3). Standing alone, this is insufficient to state a claim that Plaintiff has a disability in a major life activity as defined by the ADA. *See* 42 U.S.C.A. § 12102(2).

However, Plaintiff also alleges that Defendant accepted that Plaintiff has a disability and offered Plaintiff an accommodation. (Doc. 9 at ¶ 24). Thus, it is plausible that Defendant does not dispute that Plaintiff is disabled within the meaning of the ADA. Therefore, the Court will not dismiss the amended complaint on this basis without the benefit of Defendant's position being fully heard.

With respect to prong 2–the school's eligibility requirements–the ADA "do[es] not require an academic institution to make fundamental or substantial modifications to its programs or standards," but it does "create a duty to gather sufficient information from the disabled individual and qualified experts as needed to determine what accommodations are necessary to enable the individual to meet the standards in question." *Altamirano v. Arizona Bd. of Regents*, CV-25-02257-PHX-JJT, 2026 WL 2149467, at *7 (D. Ariz. July 27, 2026) (quoting *Wong v. Regents of Univ. of Cal.*, 192 F.3d 807, 818 (9th Cir. 1999), *as amended* (Nov. 19, 1999) (citation modified)). With respect to defining the standards for attending a school, the *Wong* court explained, "[courts] typically defer to the judgment of academics because courts generally are 'ill-equipped,' as compared with experienced educators, to determine whether a student meets a university's 'reasonable standards for academic and professional achievement.'" *Wong*, 192 F.3d at 817 (citations omitted).

Considering whether Plaintiff in this case is qualified, Plaintiff alleges that Plaintiff had academic success in the past. (Doc. 9 at ¶ 12). Plaintiff states that Plaintiff sought the accommodation of extra time to complete assignments among other things. (Doc. 9 at ¶ 25). Plaintiff alleges that Defendant approved the accommodation of extra time, but that a particular professor did not honor the accommodation. (Doc. 9 at ¶¶ 38-39).

Without the benefit of Defendant's position being fully heard, the Court cannot determine whether Plaintiff was qualified. In other words, prior academic success is not the same as not requesting fundamental or substantial modifications to Defendant's programs or standards.[1] However, Plaintiff alleges that Defendant approved the requested

[1] In paragraph 36, Plaintiff states that Plaintiff did not request the elimination of an essential course requirement or a fundamental alteration. These allegations are legal conclusions couched as factual allegations and the Court does not have to accept them as true. *See Iqbal*, 556 U.S. at 678–80.

accommodation; accordingly, it is plausible that Defendant will not dispute that Plaintiff was qualified when given a reasonable accommodation. Therefore, the Court will not dismiss the amended complaint on this basis without the benefit of Defendant's position being fully heard.

With respect to prong 3, the amended complaint is very confusing. In paragraph 55, Plaintiff says that Plaintiff requested and received a medical withdrawal. In paragraph 60, Plaintiff says that ASU conferred a degree. The Court is unclear whether credit for the course at issue was given, and if so with what grade; or if the course was unnecessary. Plaintiff affirmatively states that Plaintiff is not seeking to complete "TWC 490 Capstone"–which the Court believes is a final course for a Technical Communication (TWC) undergraduate degree at Arizona State University, and is the course that forms the basis of Plaintiff's alleged failed accommodation. (Doc. 9 at ¶ 60). Plaintiff further alleges that Plaintiff was denied the opportunity (and benefit from) taking this course. (Doc. 9 at ¶ 95). Because Plaintiff alleges Plaintiff was not allowed to take the course, the Court will allow the amended complaint to survive screening on this prong until Defendant's position can be fully heard. However, as stated herein, other allegations in the amended complaint call into question whether Plaintiff was denied taking the course.[2]

With respect to prong 4, the Court has not located any allegation in the amended complaint that ASU/Defendant Board of Regents received federal funding. However, it is plausible that Defendant will not dispute that it receives federal funding. Thus, the Court will allow prong 4 to survive screening until the Defendant's position can be fully heard.

Accordingly, the Court finds that Plaintiff's Count I ADA claim states a claim sufficient to survive screening.

**B. Rehabilitation Act**

Because Title II of the ADA was modeled after § 504, *see* 42 U.S.C. § 12132, the two "are interpreted coextensively because there is no significant difference in the analysis

---

[2] For example, at paragraphs 38-39, Plaintiff indicated that Plaintiff turned in assignments for the course, and received high grades on those assignments, but was marked down for being late. These allegations suggest Plaintiff took the course.

of rights and obligations created by each provision. Accordingly, we will limit our discussion to the ADA claim, but with the understanding that the following analysis will equally apply to the RA claim." *Mayfield v. City of Mesa*, 131 F.4th 1100, 1109 (9th Cir. 2025). Thus, Plaintiff's Count II under the Rehabilitation Act will survive screening for the same reasons stated in Count I.

**C. Count III - Retaliation**

Both the ADA and the Rehabilitation Act forbid retaliation if a person has engaged in a protected activity. Specifically,

> The plain language of this provision protects "any individual" who has engaged in protected activity and thus Plaintiff need not establish that she is a qualified individual with a disability in order to maintain a retaliation claim. *See Krouse v. American Sterilizer Co.,* 126 F.3d 494, 502 (3rd Cir.1997). The employment practice Plaintiff opposed need not actually be unlawful; rather, Plaintiff's opposition need only be "based on a 'reasonable belief' that the employer has engaged in an unlawful [] practice." *Moyo v. Gomez,* 40 F.3d 982, 984 (9th Cir.1994) (quoting *EEOC v. Crown Zellerbach Corp.,* 720 F.2d 1008, 1013 (9th Cir.1983)), *cert. denied sub nom., California Dept. of Corrections v. Moyo,* 513 U.S. 1081, 115 S.Ct. 732, 130 L.Ed.2d 635 (1995).

*Finical v. Collections Unlimited, Inc.*, 65 F. Supp. 2d 1032, 1048 (D. Ariz. 1999).

Here, Plaintiff claims Defendant retaliated against Plaintiff after Plaintiff engaged in the protected activity of requesting an accommodation. (Doc. 9 at 14). Plaintiff claims Defendant took several actions against Plaintiff including making decisions about Plaintiff's status that were not in Plaintiff's favor, like refusing to give Plaintiff an incomplete in the course. (Doc. 9 at ¶ 111). The Court finds that Plaintiff has stated a retaliation claim sufficient to survive screening.

**D. Count IV - Coercion or Intimidation**

Plaintiff's allegations regarding coercion or intimidation appear to be entirely duplicative of Plaintiff's allegations under the prior three Counts. In other words, Plaintiff merely alleges that the same facts previously discussed might also intimidate or coerce someone into not pressing their rights under the ADA. To the extent this Count is pleaded in the alternative, the Court will allow it to survive screening. To the extent this Count is pleaded as a true fourth claim, it appears to be entirely duplicative of the prior Counts.

Because the alternative pleading is possible, at the screening stage, the Court will not dismiss Count IV.

**IV. Conclusion**

Liberally construed, the Court finds that Plaintiff has alleged sufficient facts to survive screening. However, this conclusion is without prejudice to Defendant moving to dismiss if Defendant deems such a motion to be appropriate. *See Coleman v. Maldnado*, 564 F. App'x 893, 894 (9th Cir. 2014) (a district court may properly grant a motion to dismiss despite a prior screening order finding the complaint stated a claim); *Jones v. Sullivan*, 19-CV-0025BKSCFH, 2020 WL 5792989, at *5 (N.D.N.Y. Sept. 29, 2020) ("A court's initial screening under § 1915(e) and/or § 1915A does not preclude a later dismissal under Fed. R. Civ. P. 12(b)(6)."). Defendant may move to dismiss in part because the Court's review of the claims for purposes of screening lacks the benefit of the opposing party's briefing. *See Laszloffy v. Garcia*, No. 2:19-cv-01173-JAD-BNW, 2024 WL 870580, at *2 (D. Nev. Feb. 29, 2024); *Baldhosky v. Hubbard*, No. 1:12-cv-01200-LJO-MJS, 2017 WL 68098, at *2 (E.D. Cal. Jan. 5, 2017).

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's motion to proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that Plaintiff must serve the summons, amended complaint and a copy of this Order on Defendant within the time limits set by Federal Rule of Civil Procedure 4(m). Plaintiff may either serve through Plaintiff's own means or file a motion asking for service by the U.S. Marshals. Any motion for Marshal service must be filed within 14 days of the date of this Order.

/ / /

/ / /

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that Defendant must answer or otherwise respond to the amended complaint within the time limits set by the Federal Rules of Civil Procedure.

Dated this 7th day of August, 2026.

James A. Teilborg
Senior United States District Judge